# JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MIDAS SHIPPING NAVIGATION CORPORATION,    :

Plaintiff,    :

- against -    :

SHUN SHING GLOBAL FZE,    :

Defendant.    :

-----------------------------------------------------------X

**07 CIV 8702**

ECF CASE

OCT 0 9 2007

U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, MIDAS SHIPPING NAVIGATION CORPORATION ("Midas" or "Plaintiff"),

by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint

against the Defendant, SHUN SHING GLOBAL FZE, ("Defendant") alleges, upon information

and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the s

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under foreign law.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of the United Arab Emirates.

4.      At all material times, Plaintiff was the Owner of the motor vessel "MIDAS"

(hereinafter the "Vessel").

5.      By a charter party dated June 4, 2006, Plaintiff time-chartered the Vessel to

Defendant.

6.    During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay and/or wrongful deduction of hire due and owing under the charter party.

7.    Defendant wrongfully and improperly deducted hire and other expenses and charges which were properly due and owing to Plaintiff under the charter party.

8.    On or about July 17, 2006, while en route from Indonesia to Hamriya, UAE with a cargo of 31,166.081 tons of cement in bulk (hereinafter the "Cargo"), the Vessel sustained a machinery equipment failure.

9.    The Vessel underwent the necessary repairs and resumed her voyage to Hamriya on September 21, 2006.

10.    The Vessel arrived at Hamriya on September 27, 2006.

11.    The Vessel was off-hire for 66 days.

12.    Defendant was, and remains, duty bound to discharge the Cargo.

13.    Presently, the Vessel remains at Hamriya and is in all respects fully efficient and able to perform under the charter party and discharge the Cargo.

14.    However, despite the foregoing, the Cargo has not been discharged.

15.    As the Vessel is fully operational and prepared to discharge, there is no eligible off-hire event.

16.    The Vessel has been on-hire for the entire period she has been lying off Hamriya.

17.    The last hire payment received from Defendant was for hire up to June 29, 2006.

18.    Hire is payable 15 days in advance.

19.    Pursuant to the charter party, hire is to accrue at US$11,600 per day.

2

20.    Taking into account the 66 days of off-hire, as of August 22, 2007, hire has remained unpaid for 353 days.

21.    This equates to $4,094,800.00 of unpaid hire as of August 22, 2007.

22.    The Vessel remains fully laden and Defendant and/or cargo receivers continue to wrongfully refuse to discharge/take delivery of the Cargo.

23.    Hire continues to accrue at $11,600.00 per day.

24.    As a result of Defendant's breach of charter party contract, Plaintiff has sustained damages with regards to unpaid hire in the principal amount of $4,094,800.00, exclusive of interest, arbitration costs and attorneys fees.

25.    In addition, during the course of the charter, disputes arose between the parties stemming from damage allegedly caused to the Cargo while at sea.

26.    Various allegations were raised by the cargo receivers with regards to the alleged damaged condition of the Cargo.

27.    The cargo receivers then proceeded to arrest the Vessel in regards to their claims.

28.    Despite the fact that Defendant is wholly or substantially liable for the alleged cargo damage pursuant to the charter party, the receivers, pursuant to the bills of lading issued by the Plaintiff, are entitled to raise their cargo claims in the first instance against the Vessel and the Plaintiff as Vessel Owners.

29.    Plaintiff provided security to the cargo receivers in the amount of $1,900,000.00 for their claim(s), for which Defendant was liable under the charter party, in order to procure the release of the Vessel.

30.    Plaintiff is entitled to recover from Defendant the cargo claims/damages asserted against it by the cargo receivers, for which the Defendant is wholly or substantially liable, under the charter party.

31.    As a result of the alleged damage to the Cargo for which Defendant is wholly or substantially liable under the charter party, Plaintiff has and will suffer losses resulting from claims asserted by cargo receivers in the total principal amount of $1,900,000.00, exclusive of interest, reasonable attorney's fees and arbitration costs.

32.    In addition, despite due demand, Defendant has failed to provide security for the alleged damage to the cargo, leaving Plaintiff to settle and/or secure the claims and demands presented by third-party cargo receivers for cargo damage, all in breach of the Defendant's obligations under the charter party.

33.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

34.    Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to Plaintiff.

35.    Thus, Plaintiff has commenced arbitration proceedings against Defendant on its claims.

36.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | |
| | Unpaid hire: | $4,094,800.00 |
| | Cargo claim: | $1,900,000.00 |
| B. | Interest on unpaid hire claim: | |
| | 8% running from June 29, 2006 until June 29, 2009 | |
| | (estimated date of recovery), compounded quarterly | $1,099,523.62 |

4

| | | | |
|---|---|---|---|
| C. | Estimated attorneys' fees and expenses: | | $ 100,000.00 |
| D. | Estimated arbitration costs: | | $ 100,000.00 |
| **Total** | | | **$7,294,323.62** |

37.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

38.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds held by any garnishee within the District which are due and owing to the Defendant,

in the amount of **$7,294,323.62** calculated to date to secure the Plaintiff's claims, and that all

persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Complaint;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

E.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

G.      That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: October 9, 2007
       Southport, CT

                        The Plaintiff,
                        MIDAS SHIPPING NAVIGATION CORPORATION


                        By: _____
                        Nancy R. Peterson (NP 2871)
                        Patrick F. Lennon (2162)
                        LENNON, MURPHY & LENNON, LLC
                        420 Lexington Ave., Suite 300
                        New York, NY 10170
                        (212) 490-6050 – phone
                        (212) 490-6070 – fax
                        nrp@lenmur.com
                        pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
               )     ss.:    Southport
County of Fairfield )

1.     My name is Nancy R. Peterson.

2.     I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.     I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.     I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.     The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.     The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     October 9, 2007
           Southport, CT

                             Nancy R. Peterson